1   Rick Bergstrom (State Bar No. 169594)
    rjbergstrom@jonesday.com
2   Koree B. Wooley (State Bar No. 294489)
    kbwooley@jonesday.com
3   Joshua C. Dutton (State Bar No. 328750)
    jdutton@jonesday.com
4   JONES DAY
    4655 Executive Drive
5   Suite 1500
    San Diego, CA  92121.3134
6   Telephone:    +1.858.314.1200
    Facsimile:    +1.844.345.3178
7
    Attorneys for Defendant
8   MICRON TECHNOLOGY, INC.

9
                    **UNITED STATES DISTRICT COURT**
10
          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
11

12

| | |
|---|---|
| ELIOT JOHNSON, individually, and on behalf of the general public, | **CASE NO. 5:21-cv-07774** |
| Plaintiff, | |
| v. | **DEFENDANT MICRON TECHNOLOGY INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| MICRON TECHNOLOGY, INC. and DOES 1 through 100, inclusive, | |
| Defendant. | |

1    **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

2        PLEASE TAKE NOTICE THAT Micron Technology, Inc. ("Defendant") hereby removes

3    this matter from California Superior Court, Santa Clara County, to the United States District Court

4    for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1332, 1441,

5    and 1446.  The grounds for removal are as follows:

6                                **I.        BACKGROUND**

7                         <u>**Compliance with Statutory Requirements**</u>

8        1.        On June 25, 2021, Plaintiff Eliot Johnson ("Plaintiff") filed a Class Action

9    Complaint ("Complaint") in the Superior Court of the State of California for the County of Santa

10   Clara titled *Eliot Johnson, individually, and on behalf of the general public, v. Micron Technology,*

11   *Inc. and Does 1 through 100, inclusive*, Santa Clara Superior Court Case No. 21CV383681 (the

12   "Action"). On August 9, 2021, Plaintiff filed a First Amended Complaint ("FAC").

13       2.        In the First Amended Complaint, Plaintiff asserts individual, class, and

14   representative claims for violations of: (1) California Labor Code § 2802 (unreimbursed business

15   expenses); (2) California Business & Professions Code § 17200, *et seq.* (unfair competition law);

16   and (3) Penalties, pursuant to Labor Code § 2699 for Violations Of Labor Code § 2802 (PAGA

17   Penalties).  FAC at ¶¶ 28–42.

18       3.        Plaintiff asks for injunctive relief and seeks to recover unreimbursed business

19   expenses, civil penalties, costs, and attorneys' fees.  *Id*. at ¶¶ 30, 37, 38, 42, Prayer for Relief.

20       4.        Plaintiff did not serve Defendant with the original Complaint.  On September 7,

21   2021, Defendant's counsel signed and returned a Notice of Acknowledgement of Receipt,

22   effectuating service of the FAC.

23       5.        Defendant's removal of this Action is timely because Defendant is removing it

24   within 30 days of service of the FAC.  *See* 28 U.S.C. § 1446(b); Cal. Code Civ. P. §§ 415.10,

25   415.30.

26       6.        In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

27   served upon Defendant are attached as <u>Exhibit A</u>.

28       7.        Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of

2

1  removal of the Action to Plaintiff and file a copy of this Notice of Removal with the Clerk of the

2  Superior Court of the State of California, County of Santa Clara.

3  **Intradistrict Assignment**

4  8.  Plaintiff filed this Action in the Superior Court of California, County of Santa Clara;

5  it may therefore be removed to the San Jose Division of the Northern District of California.  28

6  U.S.C. § 1441(a); L.R. 3-2(e).

7  **II.  GROUNDS FOR REMOVAL**

8  **Diversity Jurisdiction**

9  9.  There is a sufficient basis for removal jurisdiction on diversity grounds because

10  there is complete diversity of citizenship between the parties and the amount in controversy

11  between Plaintiff and Defendant exceeds $75,000 exclusive of costs and interest.  *See* 28 U.S.C. §

12  1332(a); § 1441(b).

13  There Is Complete Diversity of Citizenship Between the Plaintiff and Defendant

14  10.  As a corporate entity, Defendant is "a citizen of every State and foreign state by

15  which it has been incorporated and of the State or foreign state where it has its principal place of

16  business."  28 U.S.C. § 1332(c)(1).  Defendant is a Delaware corporation with its principal place

17  of business in Idaho.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  In

18  actions removed from state court on diversity grounds, the citizenship of fictitious defendants "shall

19  be disregarded."  28 USC § 1441(a).

20  11.  Plaintiff alleges that he was employed by Defendant in California and asserts that

21  the lawsuit was properly brought in California.  *See* FAC ¶ 1.  Plaintiff is deemed a "citizen" of

22  California, the state where he is domiciled.  *Kentor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1090

23  (9th Cir. 1983).

24  12.  Accordingly, there is complete diversity of citizenship between Plaintiff and

25  Defendant.

26  The Amount in Controversy Between Plaintiff and Defendant Exceeds $75,000

27  13.  Though Defendant concedes neither liability on Plaintiff's claims nor the propriety

28  or breadth of any class or scope of aggrieved employees as alleged by Plaintiff, the FAC places in

3

1   controversy a sum greater than $75,000. 28 U.S.C. § 1332(a).[1]

2          14.    Plaintiff brings this class action to enforce the common and undivided interest of the

3   class he seeks to represent. *See* FAC ¶ 16 ("Plaintiff can fairly and adequately protect the interests

4   of all members of the class because it is in her [sic] best interest to prosecute the claims alleged to

5   obtain the full compensation due to them."). Plaintiff requests injunctive relief primarily "to

6   enforce important rights affecting the public interest." *See id.* at ¶ 38, Prayer for Relief. Where, as

7   here, the plaintiff seeks injunctive relief, "the amount in controversy . . . may include 'the cost of

8   complying with an injunction . . . .'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th

9   Cir. 2018) (*quoting Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir.

10  2016)). Plaintiff seeks, among other things, an injunction "that Defendant account for, disgorge,

11  and restore to Plaintiff and Class Members, the reimbursement of expenses. . . ." FAC ¶ 38. These

12  acts and omissions include failing to reimburse Plaintiff and the class for the use of "Internet and/or

13  the cost of Wi-Fi." FAC ¶ 7. Estimating, for purposes of removal only, wireless internet service

14  at just five dollars for each of 1,100 workers, the order Plaintiff seeks would require Defendant to

15  spend at least **$104,500** to reimburse Plaintiff and the class for 19 months of internet service. The

16  scope of Plaintiff's request for injunctive relief also requires Defendant to modify its existing

17  payroll practices to efficiently and promptly process reimbursement requests in order to "account

18  for, disgorge, and restore" unreimbursed sums to Plaintiff and the class. FAC ¶ 38. To comply

19  with this demand, Defendant estimates it will incur a minimum cost of **$25,000** for a payroll clerk

20  to improve Defendant's payroll policies, increase review of expense reimbursement, and more

21  closely supervise Defendant's payroll department to ensure compliance with the Labor Code. Thus,

22  the cost of complying with the injunctive relief related to internet service alone exceeds $75,000.

23         15.    Plaintiff also seeks compensatory damages, statutory penalties, and attorneys' fees

24

25         [1] In alleging the amount in controversy for purposes of removal, Defendant does not
26  concede or acknowledge in any way that the allegations in Plaintiff's FAC are accurate or that
    Plaintiff or any proposed class member is entitled to any amount under any claim or cause of
27  action. Nor does Defendant concede or acknowledge that any class or subclass may be certified,
    or that the Action may proceed on a representative basis, whether as alleged or otherwise, or that
28  any or all of its current or former employees are entitled to any recovery in this case, or are
    appropriately included in the putative class.

4

1   on behalf of himself and each of the purported class members.  *Id.* at ¶¶ 30, 37, 42, Prayer for

2   Relief.

3       16.     Plaintiff's compensatory damages and his share of PAGA penalties may be

4   considered when determining whether the amount in controversy is satisfied.  *Urbino v. Orkin*

5   *Servs. of Cal., Inc.*, 726 F.3d 1118 (9th Cir. 2013); *Linebarger v. Graphic Packaging Int'l, LLC*,

6   No. SACV2000309JVSJDEX, 2020 WL 1934958, at *2 (C.D. Cal. Apr. 22, 2020).  Plaintiff is

7   entitled to **$60** in compensatory damages, which is the reimbursable amount for internet service

8   from May 26, 2020 to May 3, 2021($5 reimbursement x 12 months of employment).  Plaintiff

9   worked 26 pay periods.  His share of the PAGA penalties, assuming one violation at $100 and 25

10  violations at $200, total **$1,275**.  *See* Cal. Lab. Code § 2699(f)(2).

11      17.     Where, as here, Plaintiff is entitled to recover future attorneys' fees if his action

12  succeeds, "there is no question that future [attorneys' fees] are 'at stake' in the litigation, and the

13  defendant may attempt to prove that future attorneys' fees should be included in the amount in

14  controversy."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

15  Further, for purposes of removal, attorneys' fees can be allocated entirely to Plaintiff because Labor

16  Code § 2802 "authorizes an award of attorneys' fees solely to the named plaintiffs in a class action."

17  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001).  The total amount of attorneys' fees

18  recoverable by Plaintiff, assuming that he is awarded the "benchmark award for attorney fees" at

19  25% is approximately **$2,062,500** based on the award of PAGA penalties ((1 pay period x $100 x

20  1,100 class members) + (37 pay periods x $200 x 1,100 class members) x 25%) and **$26,125** based

21  recovery of compensatory damages for himself and the class ($5 reimbursement x 19 months x

22  1,100 class members x 25%).  S*taton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

23      18.     Accordingly, all of the requirements for traditional diversity jurisdiction are

24  established.

25                    **Class Action Fairness Act (CAFA) Jurisdiction**

26      19.     This Court also has original jurisdiction over this Action pursuant to 28 U.S.C. §

27  1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14

28  ("CAFA")).  Federal courts have original diversity jurisdiction over a class action whenever:

(1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (3) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more.  28 U.S.C. § 1332(d)(2), (d)(5)(B).  As a threshold matter, this is a putative class action.  As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

Number of Proposed Class Members

20.     The number of putative class members in the aggregate exceeds 100. 28 U.S.C. § 1332(d)(5)(B).  Defendant estimates that 1,100 employees were employed by Defendant in California during the relevant period.  The 100 class member requirement is met.

Minimal Diversity Exists Between Plaintiff and Defendant

21.     Minimal diversity of citizenship exists here.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff pleads in his Complaint that he was employed by Micron in California.  FAC ¶ 1.  Plaintiff is deemed a "citizen" of California, the state where he is domiciled.  *Kentor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Moreover, the alleged putative class consists of persons who are or were employed in California.  FAC ¶ 8.

22.     A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1); *Hertz Corp.*, 559 U.S. at 80.  Defendant is incorporated in Delaware and has its principal place of business in Idaho.

23.     For minimal diversity to exist, one Plaintiff must be diverse from one defendant.  28 U.S.C. § 1332(d)(2)(A).  Here, Plaintiff (in addition to many of the individuals he seeks to represent) is diverse from Defendant.  The minimal diversity requirement is therefore satisfied.

The Amount in Controversy Exceeds $5,000,000

24.     Though Defendant concedes neither liability on Plaintiff's claims nor the propriety or breadth of the class Plaintiff alleges or employees he seeks to represent, the FAC places in controversy more than $5,000,000.  28 U.S.C. § 1332(d).

25.     Plaintiff seeks to represent all employees of Defendant in the State of California

6

who were not reimbursed for all expenses within four years preceding filing the complaint to the time of final judgment. FAC ¶ 8. Based on these allegations, Plaintiff places over $5,000,000 in controversy even with conservative assumptions.[2]

26. Plaintiff, for himself and the class, seek compensatory damages for the reasonable cost of wireless internet. FAC ¶ 30, Prayer for Relief. The amount awarded to Plaintiff and the class will exceed **$104,500** ($5 in internet costs x 19 months x 1,100 class members) because the actual cost of internet service is more than $5 a month.

27. Plaintiff also alleges entitlement to "preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for, disgorge, and restore to Plaintiff and Class Members, the reimbursement of expenses unlawfully withheld from Plaintiff and Class Members." FAC ¶ 38. The cost of complying with injunctive relief may be included in the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (*quoting Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). Assuming Plaintiff and class members incurred a mere $5 for internet service a month, the cost to reimburse Plaintiff and the class is **$104,500** ($5 reimbursement x 19 months x 1,100 class members). Plaintiff's proposed injunctive relief also requires that Defendant "account for" expenses that it did not reimburse. FAC ¶ 38. The cost of a payroll clerk to review expenses incurred to date and to ensure continued compliance with the Labor Code is at least **$25,000** a year.

28. Plaintiff seeks recovery of penalties under PAGA. FAC ¶ 42. "The PAGA claims should be counted in full in the amount in controversy analysis [under CAFA]." *Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *7 (N.D. Cal. Apr. 22, 2013). The amount of PAGA penalties in controversy is **$8,250,000** ((1 pay period x $100 x 1,100 class members) + (37 pay periods x $200 x 1,100 class members)).

29. Plaintiff also requests attorneys' fees and costs. FAC at Prayer for Relief. The amount in controversy includes the future attorneys' fees that are 'at stake' in the litigation. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Using "25% as a

---

[2] Given that Plaintiff's claims are tied exclusively to the onset of the ongoing COVID-19 pandemic, Defendant's calculations are based on the period March 2020 to the time of removal.

**DEFENDANT'S NOTICE OF REMOVAL**

**CASE NO. 5:21-cv-07774**

1  benchmark" for attorney's fees would add at least another **$2,088,625** to the amount in controversy

2  ((1 pay period x $100 x 1,100 class members) + (37 pay periods x $200 x 1,100 class members) x

3  25%) + ($5 reimbursement x 19 months x 1,100 class members x 25%)).  *In re Hyundai & Kia*

4  *Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019).

5         30.     Accordingly, the $5,000,000 threshold amount in controversy is satisfied.

6                              **III.     CONCLUSION**

7         WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior

8  Court of the State of California, County of Santa Clara.

9
10  Dated: October 5, 2021                    Jones Day

11
12                                     By: *s/Rick Bergstrom*
                                           Rick Bergstrom

13                                     Attorneys for Defendant
14                                     MICRON TECHNOLOGY, INC.

8